Dear Mr. Murray:
You have requested an opinion of the Attorney General relative to your oversight of the Collection Agency Regulation Act (CARA) found at R.S. 9:3576.1, et seq. CARA was enacted to regulate the licensing, operations and practices of collection agencies and debt collectors (hereinafter collectively referred to as Licenses) to protect the welfare of this state's citizens. See R.S. 9:3576.2.
You specifically ask whether you have the authority to implement a procedure to seize and/or take possession of surety bonds and/or trust funds belonging to licensees that have voluntarily relinquished licenses or have become insolvent. Prior to addressing your inquiry, we believe a discussion of the law applicable thereto would be helpful.
Under CARA, collection agencies must obtain a license from the Commissioner of the Office of Financial Institutions (Commissioner). R.S. 9:3576.8. Each applicant must also file with the Commissioner a surety bond or, in lieu thereof, cash or securities deposited and credited to the Commissioner, in the amount of $10,000. R.S. 9:3576.15.
R.S. 9:3576.16 provides, with respect to the bond and/or cash deposit, as follows:
 " § 3576.16. Action on bond, cash deposit, or securities
 "A. In addition to all other legal remedies, a suit may be brought in any court of competent jurisdiction upon the bond, or cash deposit, or security in lieu thereof by any client or any customer of the licensee who has been damaged by failure of the licensee to comply with all agreements entered into with such client or customer to pay funds not properly remitted.
 * * *
 "B. The Commissioner shall maintain a record of all suits commenced under this Part upon surety bonds, or the cash, or other security deposited in lieu thereof. Such suit records notwithstanding any contrary provisions of R.S. 6:103, shall be subject to the Public Records Law, R.S. 44:1 et seq.
 "C. The Commissioner shall prescribe and adopt by rule the action to be taken by the department in the event that a suit is brought upon the surety bond, security, or cash deposit of the licensee. This rule shall include the action to be taken in the event a judgment is entered against the surety, cash, or securities of the licensee."
As can be gleaned from above, the Commissioner has been granted rule making authority regarding suits filed and/or judgments rendered against the surety, cash or securities of offending licensees. The breadth of this authority has been discussed by our judiciary, most notably in State v. Union Tank CareCo., 439 So.2d 377(La. 1983) and State v. All Pro Paintand Body Shop, Inc., 639 So.2d 707(La. 1994). In Statev. Union Tank Care, Co., the Supreme Court observed:
 "[1,2] It is a well-established rule of constitutional jurisprudence that although the legislature may not delegate purely legislative power, it may declare its will, and, after fixing a primary standard, devolve upon administrative officers the power to `fill up the details' by prescribing administrative rules and regulations . . . . In other words, although the legislature may not delegate the legislative power to determine what the law shall be, it may delegate to administrative boards and agencies of the state the power to ascertain and determine the facts upon which the laws are to be applied and enforced. . . . As explained by this court in the case of Schwegmann Brothers Giant Super Markets v. McCrory, Commissioner of Agriculture. . .:
 `So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature'" [Emphasis added.]
Based on the above guidelines, we believe that you may adopt and promulgate rules in accordance with the Administrative Procedure Act to provide for notification of potential clients of offending licensees and guidelines for the submission and verification of proofs of claims. With regard to the actual disposition of the surety, cash or securities, we recommend that you timely petition the appropriate court for a concursus proceeding so that the funds are equitably allocated by court order.
CARA was amended by Act No. 1088 of the 1997 Regular Session of the Louisiana Legislature. R.S. 9:3576.18, as amended, requires, with limited exceptions, that all monies received by the licensee to be deposited in a separate trust account. It provides, in pertinent part, the following:
" § 3576.18. Trust fund accounts; exemption
 A. (1) Each licensee will at all times maintain a separate bank account in a bank, savings and loan association, savings bank or credit union located in Louisiana. . . . All monies collected by the licensee shall be deposited in such separate bank account or shall be forwarded directly to the client. . . . Within two business days after funds are received and the appropriate client or debtor account is identified, such funds shall be posted to the collection agency's book of accounts. In no event shall monies received be disposed of in any manner other than as provided by this Section." [Emphasis added.]
In addition to the rule making authority found in Section 3576.16(C), supra, Section 3576.4 provides:
 "The commissioner of the office of financial institutions shall promulgate rules pursuant to the Administrative Procedure Act to implement the provisions of this part. All hearings or adjudicatory proceedings held by the office pursuant to this Part shall be in accordance with the Administrative Procedure Act."
A review of the relevant provisions of CARA and other statutory provisions relating to the rule making power of the Commissioner, reveal no legal authority for the Commissioner to seize and/or take possession of the trust funds established by licensees. To the contrary, Section 3576.18(A)(1) provides that such monies be disposed of only in accordance with procedures set forth therein. Nowhere in this section is the procedure contemplated by your request.
We further conclude that the case law discussed, supra, is of no avail. As previously noted, R.S. 9:3576.1881 limits the disposition of trust funds. To hold that the Commissioner is empowered to seize and dispose of these funds in a manner not provided by this Section would violate the prescribed limits of the law, as well as the doctrine (s) expressed in the case law.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General